# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PSCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 3:10-cv-882-JPG-SCW |
| v. | ) |
| | ) |
| ASSOCIATED BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Associated Bank, N.A.'s ("Associated") Supplemental Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 28). Plaintiff PSCE, LLC, has responded to the motion (Doc. 32), and Associated has replied to that response (Doc. 34).

As a preliminary matter, the defendants' motion to dismiss refers to matters outside the pleadings. When such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d). There is an exception to this rule, however, when the additional material is something of which the Court may take judicial notice. *See Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The Court may take judicial notice of public records, *see Pugh v. Tribune Co.*, 521 F.3d 686, 691 n. 2 (7th Cir. 2008) (publicly reported stock price), including judicial proceedings, *see Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). In this case, Associated attaches only publicly

filed documents from a prior state court action. The Court takes judicial notice of those documents and accordingly considers this motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## I.     Alleged Facts

This dispute arose after PSCE secured a loan from Associated in June 2007. The note associated with that mortgage (the "Note") purported to provide an interest rate of "7.750%" or "7.750% per annum." The Note further stated:

> The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.

In essence, Associated calculated the daily interest rate as 1/360 of the annual rate and applied it to all 365 (or 366 in leap years) days in a year. The upshot is that PSCE was effectively charged an interest rate higher than 7.75%. This interest calculation method is commonly referred to as the "365/360 method."

PSCE filed this lawsuit claiming that using the 365/360 method to impose a higher interest rate than the per annum rate stated in the Note violated the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.* (Count I) and constitutes a breach of the

Note (Count II) and of the oral contract to prepare the Note using agreed upon terms (Count III). PSCE also seeks a declaration that Associated may not use the 365/360 method.

Associated now asks the Court to dismiss PSCE's claims on the basis of *res judicata*. It believes a state court default judgment rendered on December 2, 2010, by the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, precludes PSCE's current action. That judgment found, among other things, that PSCE had breached the terms of the Note and owed Associated $247,559.94 in accrued and unpaid interest.

## II. Analysis

The doctrine of *res judicata*, also known as claim preclusion, prevents relitigation of matters that were fully litigated in an earlier suit that resulted in a judgment on the merits. *Groesch v. City of Springfield*, 635 F.3d 1020, 1029 (7th Cir. 2011). Because of the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state court judgment the same preclusive effect that the court rendering the judgment would give it. *Haber v. Biomet, Inc.*, 578 F.3d 553, 556 (7th Cir. 2009); *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). Thus, when examining whether an Illinois court judgment bars a federal lawsuit because of *res judicata*, the Court looks to the preclusive effect an Illinois court would give the judgment in question. *Groesch*, 635 F.3d at 1029; *Licari*, 298 F.3d at 666.

Under Illinois law, *res judicata* applies if the prior decision (1) was a final judgment on the merits rendered by a court of competent jurisdiction, (2) involved the same parties or their privies, and (3) constituted the same cause of action as the current

3

suit. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001); *People ex rel. Burris v. Progressive Land Developers, Inc.*, 602 N.E.2d 820, 825 (Ill. 1992); *Groesch*, 635 F.3d at 1029. In this case, PSCE challenge whether the prior state court litigation involved the same cause of action as those in this case.

Illinois uses a transactional approach to determining whether different claims constitute the same cause of action for *res judicata* purposes. *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998); *see Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 637 (7th Cir. 2004). Under the transactional approach, "separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 703 N.E.2d at 891; *accord Rodgers v. St. Mary's Hosp.*, 597 N.E.2d 616, 621 (Ill. 1992) (*res judicata* bars suit if "the same facts were essential to maintain both actions" or if "a single group of operative facts gives rise to the assertion of relief"). As a corollary to this rule, Illinois observes the doctrine of merger and bar which precludes the relitigation not only of claims that were *actually* litigated but also claims that *could have been* litigated. *People ex rel. Burris*, 602 N.E.2d at 825; *River Park*, 703 N.E.2d at 889 *see Garcia*, 360 F.3d at 639.

The state court judgment on which Associated's motion rests occurred in *Associated Bank, N.A. v. PSCE, LLC,* in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Case No. 09-CH-1315). That case asserted claims for foreclosure on the real estate secured by the Note and breach of the Note. It sought to hold PSCE and its guarantors liable for damages arising from the breach, including

4

accrued and unpaid interest. PSCE did not appear in the case, and the Circuit Court entered a default judgment against it that included an award of interest in the amount of $247,559.97.

The Circuit Court's opinion in *Associated Bank, N.A. v. PSCE, LLC* bars the claims in this case on the grounds of *res judicata* because the state judgment is final and involved the same parties and the same claim at issue in this case. The parties do not dispute the finality or the identical parties requirement. They focus on the same claim requirement.

Under the transactional approach used by Illinois courts, PSCE's claims in this litigation and in the state court case are the same cause of action because both claims arise from the same group of operative facts – calculation of interest under the terms of the Note. In the state court case, Associated alleged that PSCE owed interest and had failed to pay it. Necessary to the Circuit Court's judgment was a determination of the proper method to calculate the interest under the terms of the Note. Here, PSCE disputes the same calculation. PSCE could have appeared in the state court case to contest the method of calculating the interest by asserting the theories it raises in this case, but it failed to do so. Thus, its current claims are barred by the doctrine of merger and bar.

PSCE urges the Court to come to a different conclusion, citing *Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1084 (7th Cir. 1979). PSCE cites *Martino*'s statement of the general rule that "[w]hen facts form the basis of both a defense and a counterclaim, the defendant's failure to allege these facts as a defense or a counterclaim

5

'does not preclude him from relying on those facts in an action subsequently brought by him against the plaintiff.'" *Id.* at 1084 (quoting *Restatement (Second) of Judgments* § 56.1(1) cmt b (Tent. Draft No. 1, 1973)). PSCE argues that this general rule allows it to bring the case at bar despite the default judgment entered by the Circuit Court. However, PSCE neglects to cite the exception to that general rule stated in *Martino* only a few sentences later: "The rule is not absolute, however. Both precedent and policy require that *res judicata* bar a counterclaim when its prosecution would nullify rights established by the prior action." *Id.* at 1085 (citing *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 375 (1940) (*res judicata* bars later challenge to constitutionality of statute on which prior judgment was based); *compare Virginia-Carolina Chem. Co. v. Kirven*, 215 U.S. 252, (1909) (*res judicata* did not bar later suit where prior claim was not crucial to result of second case but where second claim merely provided possible set-off)). The case at bar falls squarely into the exception to the general rule stated in *Martino*; success on the current claim would nullify the interest award from the prior litigation because it would necessarily imply the invalidity of Circuit Court's interest calculation.[1]

PSCE also points to *Buford v. Palisades Collection, LLC,* 552 F. Supp. 2d 800 (N.D. Ill. 2008) and *Whitaker v. Ameritech Corp.*, 129 F.3d 952 (7th Cir. 1997), in support of its position. Neither of those cases causes the Court to change its conclusion. The

---

[1] PSCE also relies on *Martino* to argue that his claim is not precluded by the compulsory and permissive counterclaim pleading rules in Federal Rule of Civil Procedure 13. However, Associated is not invoking Rule 13; it is relying on *res judicata* under Illinois law. PSCE's argument is off the mark.

plaintiffs in *Buford* sued defendant debt collectors under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *Buford,* 552 F. Supp. 2d at 802. The defendants argued the claims were barred by *res judicata* based on default judgments in prior suits they had filed to collect the outstanding debts. *Id.* at 806-07. The *Buford* court concluded that the FDCPA and the prior collection action did not arise out of the same transaction; the FDCPA claim arose out of billing and collection activities but the collection actions arose out of the plaintiffs' incurring debt. *Id.* at 808. The *Buford* court noted that the FDCPA was designed to protect consumers from used unscrupulous debt collection measures regardless of whether a valid debt exists. *Id.* Consequently, "successful prosecution of the FDCPA action would not nullify the judgment entered in the state court litigation." *Id. Whitaker* presented a virtually identical situation with the same result. *Whitaker*, 129 F.3d at 958.

The case at bar is not like the *Buford* and *Whitaker* FDCPA claims, though. It does not involve distinct groups of facts giving rise to independent claims. On the contrary, the situation is more like the *Whitaker* plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") in which she alleged that the bills she received were fraudulent and misleading. There, the Court of Appeals held that the RICO claim challenged the prior default judgment in the collection action and was therefore barred by *res judicata*. *Id.* at 957. The Court of Appeals noted, "Allegations of fraud go to the heart of what was decided in the state court -- that Whitaker legitimately owes Ameritech a sum of money." *Id.* Likewise, in this case, PSCE's current allegations

7

go to the heart of what was decided by the Circuit Court, and its current case is therefore barred by *res judicata*.

## III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Associated Bank, N.A.'s Supplemental Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 28), **DISMISSES** this case **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**SO ORDERED this 8th day of August, 2011.**

s/ J. Phil Gilbert
**HONORABLE  J. PHIL GILBERT
U.S. District Judge**